UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENTON DWAYNE THOMPSON,

Petitioner,

v.

KARIN ARNOLD,

Respondent.

C25-5746 TSZ

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, docket no. 23.  Having reviewed petitioner's objections to the R&R, docket no. 26, respondent's response thereto, docket no. 27, and the relevant portions of the record in this matter, the Court enters the following Order.

**<u>Discussion</u>**

Petitioner Brenton Dwayne Thompson is currently serving a 560-month sentence for first-degree murder and first-degree assault, which includes two consecutive firearm enhancements.  *See* *State v. Thompson*, No. 59142-1-II, 2026 WL 814515, at *4 (Wash. Ct. App. Mar. 24, 2026).  In calculating the sentencing range for his first-degree murder conviction, the Pierce County Superior Court relied on two 1995 convictions for solicitation (i) to deliver a controlled substance, and (ii) to possess with intent to deliver a controlled substance, respectively.  *Id.* at *6; *see* R&R at 1 (docket no. 23).  Petitioner

ORDER - 1

contends that using these prior controlled-substance convictions to compute an offender score of 2, which resulted in a standard range of 261-to-347 months for the first-degree murder charge, *see* 2026 WL 814515, at *3 n.5, was erroneous.  Petitioner has, however, already sought habeas relief with respect to the first-degree murder and first-degree assault convictions and related firearm enhancements for which he is currently in custody.  *See Thompson v. Williams*, No. C09-5265, 2011 WL 2532900 (W.D. Wash. May 25, 2011), *adopted*, 2011 WL 2532901 (W.D. Wash. June 24, 2011), *certificate of appealability denied*, No. 11-35588 (9th Cir. Feb. 17, 2012).  Thus, to challenge the computation of the standard sentencing range for first-degree murder, the high end of which the Pierce County Superior Court imposed, *see* 2026 WL 814515, at *4, petitioner would need authorization from the United States Court of Appeals for the Ninth Circuit to pursue a second or successive habeas petition.  *See* 28 U.S.C. § 2244(b).

Instead of obtaining such authorization, petitioner is attempting to challenge the validity of his two 1995 controlled-substance convictions.  As aptly explained in the R&R, petitioner is not "in custody" pursuant to those convictions, and he therefore cannot seek habeas relief with respect to them.  *See* R&R at 2–4 (docket no. 23).  The Court lacks subject-matter jurisdiction, and the habeas petition must be dismissed.

Even if the Court, however, could address petitioner's contention that the 1995 convictions are invalid, the Court would conclude that the claim lacks merit.  The sentences for those two crimes were based on an offender score calculated on the basis of a prior conviction for possession of a controlled substance that was later rendered void by *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).  Contrary to petitioner's assertion,

ORDER - 2

any error in the terms of incarceration for the 1995 convictions, which petitioner fully served long before *Blake* was decided, *see* R&R at 2 (docket no. 23) (indicating that petitioner completed his sentence for the 1995 convictions in March 1998, at the latest), did not invalidate the 1995 convictions (*i.e.*, petitioner's liability for the charged offenses) or affect whether they could be used in determining petitioner's offender score for the first-degree murder conviction.  The Washington Court of Appeals has recently so ruled, *see* 2026 WL 814515, at *6, and its decision is not "contrary to" and did not involve "an unreasonable application" of "clearly established Federal law."  28 U.S.C. § 2254(d)(1).   If it had jurisdiction, the Court would deny the habeas petition on the merits.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    The R&R, docket no. 23, is ADOPTED and MODIFIED as set forth in this Order, and the habeas petition is DISMISSED for lack of subject-matter jurisdiction;

(2)    A certificate of appealability is DENIED;

(3)    The Clerk is directed to CLOSE this case and to send a copy of this Order to all counsel of record, to petitioner pro se, and to Magistrate Judge Christel.

IT IS SO ORDERED.

Dated this 21st day of April, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 3